IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01653-BNB

MARQUIS A. SCOTT,
Plaintiff,

v.

MONA SCOTT,
Defendant.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff Marquis A. Scott is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Scott initiated this action by filing *pro se* a Prisoner Complaint. On September 8, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Scott to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. Magistrate Judge Boland advised Mr. Scott that, in order to show cause, he must identify the statutory authority that allows him to raise his claim in this Court in this action. On September 26, 2008, apparently in response to Magistrate Judge Boland's show cause order, Mr. Scott filed a document titled "B. JURISDICTION," in which he asserts jurisdiction pursuant to four Colorado state statutes.

The Court must construe the complaint and Mr. Scott's response to Magistrate Judge Boland's show cause order liberally because Mr. Scott is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant like Mr. Scott. *See id.*

Mr. Scott asserts one claim for relief in this action labeled "Theft of negotiable instruments." Mr. Scott alleges in support of this claim that Defendant co-signed an application as acceptor and holder for Mr. Scott and has collected and withheld several checks totaling $3,560.00 from the Colorado Department of Labor and Employment that apparently were payable to Mr. Scott.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F. 2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

Mr. Scott fails in both the complaint and his response to Magistrate Judge Boland's show cause order to demonstrate that the Court has jurisdiction over the theft

claim he is asserting against Defendant in this action. Mr. Scott asserted jurisdiction over his theft claim in the complaint pursuant to various Colorado state statutes that are part of the "Uniform Commercial Code – Negotiable Instruments." *See* Colo. Rev. Stat. § 4-3-101. Magistrate Judge Boland noted in his order to show cause that the Colorado state statutes cited by Mr. Scott do not provide this Court with subject matter jurisdiction over his theft claim against Defendant. In his response to Magistrate Judge Boland's show cause order, Mr. Scott again asserts jurisdiction pursuant to a number of Colorado state statutes, including various provisions of the Colorado Wage Claim Act. *See* Colo. Rev. Stat. §§ 8-4-101, et seq. However, Mr. Scott still fails to identify any statutory authority that allows this Court to exercise subject matter jurisdiction over the theft claim he is asserting against Defendant in this action. Therefore, the Court finds that the action must be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this 20 day of Oct. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01653-BNB

Marquis A. Scott
Prisoner No. 104716
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk